IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**BRITTNEY SAMUELS and LACY**                                           **PLAINTIFFS**
**GUYTON, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                              No. 6:20-cv-6012-SOH

**OTB ACQUISITION, LLC**                                                **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiffs Brittney Samuels and Lacy Guyton (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Lydia H. Hamlet and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendant OTB Acquisition, LLC ("Defendant"), they do hereby state and allege as follows:

### I.   INTRODUCTION

1.   Plaintiffs, each individually and on behalf of all other servers employed by Defendant, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. §11-4-201, *et seq.* ("AMWA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as a result of Defendant's failure to pay Plaintiffs and all others similarly situated minimum and overtime wages as required by the FLSA and AMWA.

2.   Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the

FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiffs within the Hot Springs Division of the Western District of Arkansas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

7. Brittney Samuels ("Samuels") is a citizen and resident of Garland County.

8. Lacy Guyton ("Guyton") is a citizen and resident of Hot Spring County.

9. Plaintiffs worked for Defendant during the three years preceding the filing of this Complaint.

10. At all times material hereto, Plaintiffs have been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

11. Defendant is a foreign for-profit limited liability company that owns and operates restaurants in the United States under the "On the Border" trademark.

12. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

13. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

14. Defendant's registered agent for service of process is C T Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

15. Defendant was Plaintiffs' employer and the employer of the proposed collective within the meaning of the FLSA, 29 U.S.C. § 203(d) at all times relevant to this lawsuit.

### IV.   FACTUAL ALLEGATIONS

16. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

17. Plaintiffs were employed by Defendant as servers at Defendant's On the Border restaurant in Hot Springs during the time period relevant to this lawsuit.

18. Samuels was employed as a server from February to December of 2019.

19. Guyton was employed as a server from April of 2019 to the present.

20. Plaintiffs and other servers worked as hourly, non-exempt employers at On the Border.

21. Defendant pays its servers less than the minimum wage of $7.25 per hour.

Instead of paying the required minimum wage, Defendant purports to take advantage of the tip credit allowed by 29 U.S.C. § 203(m).

22. Defendant does not inform its employees of the provisions of 29 U.S.C. § 203(m).

23. As servers, Plaintiffs and other servers performed both duties that generated tips, such as delivering food to customers ("tipped work"), and duties that did not generate tips, such as opening the restaurant and rolling silverware ("non-tipped work").

24. Plaintiffs and other servers were required to work at $2.63 per hour when the dining room was closed, when they were doing side work not in the dining room, and also when they were doing cut work.

25. Upon information and belief, Defendant does not distinguish between time spent by servers on tipped work and time spent by servers on non-tipped work.

26. Non-tipped duties occupy more than twenty percent of Plaintiffs' time and the time of other servers.

27. Defendant paid Plaintiffs and other servers the same rate—below the applicable minimum wages—for both tipped work and non-tipped work.

28. As a result of the policies put in place by Defendant, Plaintiffs and other servers were often required to perform non-tipped work for less than minimum wage.

29. Plaintiffs other tipped servers are entitled to wages and compensation based on the standard minimum wage for all hours worked.

30. Defendant discouraged Plaintiffs and other servers from recording hours over forty hours per week but required Plaintiffs to continue to work without recording

overtime hours.

31. When Plaintiffs and other servers did record more than forty hours per week, Defendant did not pay them a proper overtime premium for those hours.

32. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other tipped servers violated the FLSA and AMWA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

33. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

34. At all relevant times, Plaintiffs and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA and the AMWA.

35. Plaintiffs brings their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

36. Plaintiffs brings their FLSA claims on behalf of all servers who were paid tips employed by Defendant at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. A lawful minimum wage for all hours worked;

B. An overtime premium for all hours worked over forty in a week;

C. Liquidated damages; and

D. Attorney's fees and costs.

37. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file her written Consent to Join this lawsuit.

38. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

39. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

   A. They were subject to Defendant's common policy of paying less than minimum wage;

   B. They were subject to Defendant's common policy of requiring off-the-clock hours and/or they were subject to Defendant's common policy of failing to pay an overtime premium for all hours worked over forty (40) in a week;

   C. They spent more than 20% of their time performing non-tipped duties for Defendant; and

   D. They were paid hourly.

40. Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 50 persons.

41. Defendant can readily identify the members of the Section 16(b) Collective. The names and physical addresses, email addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

42. At all relevant times, Defendant directly hired members of the FLSA Collective to work in restaurants, paid them wages, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

43. At all relevant times, each member of the FLSA Collective regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

## VI.   FIRST CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

44. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

45. This is a collective action filed on behalf of all tipped servers employed by Defendant to recover monetary damages owed by Defendant to Plaintiffs and members of the putative collective for unpaid wages because they were required to spend more than 20% of their time on non-tipped duties, were required to work off the clock, and/or did not receive an overtime premium for all hours worked over forty (40) in a week.

46. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

47. At all relevant times, Plaintiffs and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

48. At all relevant times, Plaintiffs and all similarly situated employees have been "employees" of Defendant, as defined by 29 U.S.C. § 203(e).

49. At all relevant times, Defendant was an "employer" of Plaintiffs and all

other similarly situated employees, as defined by 29 U.S.C. § 203(d).

50. Defendant failed to pay Plaintiffs and all similarly situated employees the minimum wages required under the FLSA for tipped work and for non-tipped work.

51. Defendant required Plaintiffs and all similarly situated employees to work hours which went unrecorded and uncompensated.

52. Defendant failed to pay Plaintiffs and all similarly situated employees an overtime premium for all hours worked over forty (40) in a week.

53. Because these employees are similarly situated to Plaintiff, and are owed compensation for the same reasons, the proposed collective is properly defined as follows:

**All servers within the past three years.**

54. In the alternative, Plaintiffs propose the following collective, defined as follows:

**All servers who worked more than forty (40) hours in any week.**

55. At all relevant times, Defendant willfully failed and refused to compensate Plaintiff and other similarly situated employees for all hours worked at the standard minimum wage under the FLSA because Defendant paid Plaintiff and other similarly situated employees $2.63 per hour for non-tipped work.

56. Defendant's violations entitle Plaintiff and all other similarly situated employees to compensatory damages calculated as the full amount of wages owed at the applicable minimum wage, less the amount of wages actually received.

57. Defendant's violations entitle Plaintiff and all other similarly situated employees to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to

compensatory damages.

58. Plaintiff and all other similarly situated employees are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

### VII. SECOND CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

59. Plaintiffs repeat and re-allege all previous paragraphs of this Original Complaint as though fully set forth herein.

60. At all relevant times, Plaintiffs have been entitled to the rights, protection, and benefits provided by the FLSA.

61. At all relevant times, Plaintiffs have been an "employee" of Defendant as defined by 29 U.S.C. § 203(e).

62. At all relevant times, Defendant was an "employer" of Plaintiffs as defined by 29 U.S.C. § 203(d).

63. Defendant failed to pay Plaintiffs the minimum wages required under the FLSA for tipped work and for non-tipped work.

64. At all relevant times, Defendant willfully failed and refused to compensate Plaintiffs for all hours worked at the standard minimum wage under the FLSA because Defendant paid Plaintiff $2.63 per hour for non-tipped work.

65. Defendant failed to pay Plaintiffs an overtime premium for all hours worked over forty (40) in each week.

66. Defendant failed to pay Plaintiffs for all hours worked, including hours worked over forty (40) in a week.

67. Defendant's violations entitle Plaintiffs to compensatory damages calculated as the full amount of wages owed at the applicable minimum wage and

overtime rate, less the amount of wages actually received.

68. Defendant's violations entitle Plaintiffs to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

69. Plaintiffs are entitled to an award of her attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

### VIII. THIRD CLAIM FOR RELIEF
(Individual Claims for Violation of AMWA)

70. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

71. At all relevant times, Plaintiffs have been entitled to the rights, protection, and benefits provided by the AMWA.

72. At all relevant times, Plaintiffs have been "employees" of Defendant, as defined by Ark. Code Ann. § 11-4-203(3).

73. At all relevant times, Defendant was an "employer" of Plaintiffs as defined by Ark. Code Ann. § 11-4-203(4).

74. Defendant failed to pay Plaintiffs the minimum wages required under the AMWA for tipped work and for non-tipped work.

75. Defendant failed to pay Plaintiffs a proper overtime premium as required under the AMWA for all hours worked over forty (40) in a week.

76. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

77. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations which occurred beginning at

least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

78. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the AMWA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described above pursuant to Ark. Code Ann. § 11-4-218.

79. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, she is entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Brittney Samuels and Lacy Guyton, individually and on behalf of all others similarly situated, respectfully requests this Court grant the following relief:

A. That Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiffs, the collective members and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

C. A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D. A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the related

regulations;

E. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

F. Judgment for damages for all unpaid back wages at the applicable minimum wage owed to Plaintiffs and members of the collective from a period of three (3) years prior to this lawsuit through the date of trial under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

G. Judgment for damages for all unpaid back wages at the applicable minimum wage owed to Plaintiffs and members of the collective from a period of three (3) years prior to this lawsuit through the date of trial under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the related regulations;

H. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid back wages at the applicable minimum wage from a period of three (3) years prior to this lawsuit through the date of trial owed to Plaintiff and members of the class and collective;

i) Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations

I. An order directing Defendant to pay Plaintiff and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

J. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**BRITTNEY SAMUELS and LACY GUYTON, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ Lydia H. Hamlet
Lydia H. Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com