IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BRITTNEY SAMUELS and LACY
GUYTON, Each Individually and on
Behalf of All Others Similar Situated                                        PLAINTIFFS

v.                                          Civil No. 6:20-cv-6012

OTB ACQUISITION                                                              DEFENDANT

**ORDER**

Before the Court is the parties' Joint Stipulation of Dismissal with Prejudice. (ECF No. 14). On February 6, 2020, Plaintiffs filed this putative class and collective action, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and the Arkansas Minimum Wage Act, Ark. Code Ann. §§ 11-4-201, *et seq*. On July 15, 2020, the parties filed the instant stipulation of dismissal, indicating that the parties have settled the matter and are seeking to dismiss this case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Generally, "[c]aselaw concerning stipulated dismissals under Rule 41(a)(1)(A)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984). However, the Court nonetheless issues this order for clarity of the docket and due to the present case's nature as an FLSA case.

Several courts have held that settlement agreements resolving wage claims are subject to court approval to ensure that the parties are not negotiating around statutory minimum wages. *See, e.g.*, *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Cruthis v. Vision's*, No. 4:12-CV-00244, 2014 WL 4092325 (E.D. Ark. Aug. 19, 2014). Other courts, including this Court, have held that court approval of an FLSA settlement is unnecessary when the

lawsuit is not a collective action, all plaintiffs have been represented by counsel throughout the entirety of the case, and the parties wish for their agreement to remain private. *See, e.g.*, *Zeznanski v. First Step, Inc.*, No. 6:17-cv-6023-SOH (W.D. Ark. Oct. 5, 2017), ECF No. 25; *Schneider v. Habitat for Humanity Int'l, Inc.*, No. 5:14-CV-5230-TLB, 2015 WL 500835, at *3 (W.D. Ark. Feb. 5, 2015).

This action was compelled to arbitration on April 16, 2020. (ECF No. 13). The arbitration proceedings have concluded, and the parties state that they have reached an agreement that resolves all claims in this lawsuit. This case has not been certified as a class or collective action and, thus, the case is being settled on an individual basis. Plaintiff has been represented by counsel throughout the course of this litigation. Further, the parties state that they wish for their settlement to remain confidential. Therefore, it appears to the Court that the settlement agreement in this case is of the type that does not require court approval. *See Schneider*, 2015 WL 500835, at *3. The parties have not submitted their settlement agreement for judicial review, and the Court has not reviewed the parties' settlement agreement in this matter.

The Court now turns to the parties' request that this case be dismissed with prejudice. An action may be dismissed by "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Upon consideration, the Court finds that good cause has been shown for dismissal of the case. Accordingly, this case is hereby **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction to vacate this Order and to reopen this action upon cause shown that the settlement has not been completed and further litigation is necessary.

**IT IS SO ORDERED**, this 16th day of July, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge